UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:15-CV-203-GCM

| | |
|---|---|
| **RITA M. MARTIN,** | ) |
| Plaintiff, | ) |
| Vs. | ) ORDER |
| **CAROLYN W. COLVIN, Acting Commissioner of Social Security,** | ) |
| Defendant. | ) |

**THIS MATTER** is before the court upon Plaintiff's Motion for Summary Judgment (Doc. No. 7) and the Commissioner's Motion for Summary Judgment (Doc. No. 9). Having carefully considered such motions and reviewed the pleadings, the court enters the following findings, conclusions, and Order.

**FINDINGS AND CONCLUSIONS**

**I.     Administrative History**

Plaintiff filed an application for a period of disability and Disability Insurance Benefits in April of 2012, alleging a disability onset date of April 15, 2011, which she later amended to October 28, 2012. (Tr. 71). Plaintiff's claim was denied both initially and on reconsideration; thereafter, Plaintiff requested and was granted a hearing before an administrative law judge ("ALJ"). (*Id.*) After conducting a hearing, the ALJ issued a decision which was unfavorable to Plaintiff, from which Plaintiff appealed to the Appeals Council. (Doc. No. 10 at 2). Plaintiff's request for review was denied, making the ALJ's decision the final decision of the Commissioner

of Social Security ("Commissioner"). (*Id.*) Thereafter, Plaintiff timely filed this action, seeking review of the Commissioner's final decision. (*Id.*)

## II. Factual Background

It appearing that the ALJ's findings of fact are supported by substantial evidence, the undersigned adopts and incorporates such findings herein as if fully set forth. Such findings are referenced in the substantive discussion which follows.

## III. Standard of Review

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not *de novo*, *Smith v. Schwieker*, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales, supra*. Even if the undersigned were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if supported by substantial evidence. *Hays v. Sullivan, supra*.

## IV. Substantial Evidence

### A. Introduction

The court has read the transcript of Plaintiff's administrative hearing, closely read the decision of the ALJ, and reviewed the extensive exhibits contained in the administrative record. The issue is not whether a court might have reached a different conclusion had it been presented

with the same testimony and evidentiary materials, but whether the decision of the administrative law judge is supported by substantial evidence. The undersigned finds that it is.

B.  **Sequential Evaluation**

A five-step process, known as "sequential" review, is used by the Commissioner in determining whether a Social Security claimant is disabled. The Commissioner evaluates a disability claim under Title II pursuant to the following five-step analysis:

(1) Whether the claimant is engaged in substantial gainful activity;

(2) Whether the claimant has a severe medically determinable impairment, or a combination of impairments that is severe;

(3) Whether the claimant's impairment or combination of impairments meets or medically equals one of the Listings in 20 C.F.R. Part 404, Subpart P, Appendix 1;

(4) Whether the claimant has the residual functional capacity ("RFC") to perform the requirements of his past relevant work; and

(5) Whether the claimant is able to do any other work, considering his RFC, age, education, and work experience.

20 C.F.R. §§ 404.1520(a)(4)(i-v). In this case, the Commissioner determined Plaintiff's claim at the fourth step of the sequential evaluation process.

C.  **The Administrative Decision**

In rendering her decision, the ALJ first concluded that Plaintiff had not engaged in substantial gainful activity since her alleged amended onset date. (Tr. 73). At the second step, the ALJ found that Plaintiff suffered from the following severe impairments: degenerative disc disease and essential hypertension. (*Id.*) The ALJ also noted that Plaintiff's body mass index classified her

as obese under the guidelines from the National Institutes of Health, and the ALJ considered Plaintiff's obesity in her residual functional capacity ("RFC") assessment. (Tr. 73-74). Plaintiff also testified that she had discomfort in her foot from a previous foot surgery, and the record reflects that Plaintiff was diagnosed with varicose veins. (Tr. 74). However, there was no evidence that either of these impairments added any limitations to Plaintiff's RFC, so the ALJ classified them as non-severe. (*Id*.) At the third step, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (Tr. 74-75).

The ALJ then found that Plaintiff has the RFC to perform medium work as defined in 20 C.F.R. § 404.1567(c), "except she can occasionally stoop, crouch and sit and stand as needed." (Tr. 75). In making this finding, the ALJ considered all of Plaintiff's symptoms and the extent to which these symptoms could reasonably be accepted as consistent with the objective medical evidence and other evidence, as required by 20 C.F.R. § 404.1529 and SSRs 96-4p and 96-7p. (*Id*.) The ALJ also considered opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p. (*Id*.) While the ALJ found that Plaintiff's impairments could reasonably be expected to cause the alleged symptoms, she determined that Plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms were not entirely credible. (Tr. 77).

At the fourth step, the ALJ found that Plaintiff was capable of performing her past relevant work. (Tr. 81). The ALJ determined, based on testimony from a vocational expert, that Plaintiff could perform the semi-skilled, light exertional work of her past relevant work as a Cell Operator.

(*Id.*) Accordingly, the ALJ found that Plaintiff was not disabled under the Social Security Act. (*Id.*)

### D. Discussion

Plaintiff has made the following assignments of error: (1) whether the ALJ erred in giving little weight to the medical opinion of Dr. Gordon Early; and (2) whether the ALJ improperly evaluated Plaintiff's testimony. Plaintiff's assignments of error will be discussed seriatim.

#### 1. The ALJ Gave the Proper Weight to Dr. Early's Opinion

There is substantial evidence to support the ALJ ascribing little weight to Dr. Early's opinion. A treating physician is a physician who has observed the plaintiff's condition over a prolonged period of time. *Mitchell v. Schweiker*, 699 F.2d 185, 187 (4th Cir. 1983). The opinion of a treating physician is entitled to controlling weight if it is supported by "clinical and laboratory diagnostic techniques," and is consistent with other substantial evidence. 20 C.F.R. § 404.1527(d)(2). The length of the physician's treatment relationship with the patient and the frequency of the physician's examinations of the patient also influence how much weight should be given to the physician's treatment. 20 C.F.R. § 404.1527(c)(2). Here, Dr. Early was not a treating physician as he only examined Plaintiff one time for the purpose of Plaintiff's disability claim. (Tr. 80). Plaintiff fails to establish that Dr. Early's opinion is entitled to controlling weight, and the ALJ considered Dr. Early's opinion in accordance with the standards that direct an ALJ when weighing opinion evidence.

In giving little weight to Dr. Early's opinion, the ALJ noted that it appeared that Dr. Early relied quite heavily upon the subjective report of symptoms and limitations provided by Plaintiff, and seemed to uncritically accept as true most, if not all, of what Plaintiff reported. (Tr. 80). For

example, Plaintiff told Dr. Early that she had been using a cane for balance for three years. (Tr. 80, 282). Dr. Early then wrote that it was medically necessary for Plaintiff to use a cane and she could not walk 60 feet without it. (Tr. 288). However, as the ALJ noted, Plaintiff's treating records do not reflect any balance complaints. (Tr. 78). Similarly, treating records do not indicate that Plaintiff was using a cane. When Plaintiff saw Dr. Shana James for a consultative examination, she reported that she used a cane, but she left it home. (Tr. 79, 248). Additionally, the ALJ found that Dr. Early's reliance on Plaintiff's subjective statements was misplaced because there were good reasons for questioning the reliability of Plaintiff's subjective complaints. (Tr. 80). These reasons included the infrequency and paucity of Plaintiff's treatment; findings on testing and physical examinations; and the reason Plaintiff stopped working and her subsequent actions. Moreover, medical opinion evidence largely based on subjective statements should not be given any significant weight. *Bishop v. Comm'r of Soc. Sec'y*, 584 F. App'x 65, 67 (4th Cir. 2014) (affirming ALJ decision to reject medical opinion that "appeared to mirror . . . subjective statements" and contrasted relatively "mild to moderate" findings reflected in treatment notes); *Craig v. Chater*, 76 F.3d 585 at 589 (4th Cir. 1996) (affirming ALJ decision to reject medical opinion evidence based on subjective symptoms unsupported by treatment notes).

Also of note is Dr. Early's observation that Plaintiff was "in mild pain." (Tr. 284). This finding of even mild pain conflicts with other evidence because no other doctor observed that Plaintiff was in any pain. Other doctors described Plaintiff as being in no distress (Tr. 224, 237, 250) or comfortable (Tr. 253, 258, 262, 280).

Plaintiff argues that the ALJ did not address all of the functional limitations found by Dr. Early (Doc. No. 8 at 6). Plaintiff's citation to *Mascio v. Colvin,* 780 F.3d 632, 640 (4th Cir. 2015)

is misplaced. Here, the ALJ did not use the boilerplate statement criticized in *Mascio.* In addition, the criticized statement and the court's discussion was in connection with the ALJ's assessment of Mascio's credibility, not the evaluation of a medical opinion.[1] Additionally, there is no requirement that an ALJ discuss all of the limitations set forth in a medical opinion. *See* 20 C.F.R. § 404.1527.

The ALJ also considered that Dr. Early's opinion was not consistent with Plaintiff's very limited, conservative treatment and the few visits she made to her doctors. (Tr. 80). Dr. Silver, her treating neurosurgeon, recommended only physical therapy and epidural injections; he did not even prescribe pain medication. (Tr. 225, 251). A treating specialist's recommendation of only conservative treatment is a valid reason for an ALJ to assign less weight to another medical opinion that a claimant is significantly limited. *Martin v. Colvin,* No. 1:14-cv-234, 2014 WL 9094738, *6 (W.D.N.C. Dec. 16, 2015).

As this court has explained, "'[a]n ALJ's determination as to the weight to be assigned to a medical opinion will generally not be disturbed absent some indication that the ALJ has dredged up 'specious inconsistencies' or has not given good reason for the weight afforded a particular opinion.'" *McDowell v. Astrue*, No. 3:11-cv-652, 2012 WL 4499336, *3 (W.D.N.C. Aug. 2, 2012) (*quoting Christian v. Apfel*, 168 F.3d 481 (Table), 1998 WL 911720, at *2 (4th Cir. Dec. 31, 1998) (unpublished)). Here, the ALJ did not "dredge up specious inconsistencies," and she provided good reasons for assigning little weight to Dr. Early' opinions. Accordingly, the ALJ's determination in this regard will not be disturbed.

---

1 Furthermore, the *Mascio* Court held that an ALJ's use of the boilerplate language is a harmless error if the ALJ "properly analyzed credibility elsewhere." *Mascio*, 780 F.3d at 639. *See Del Vecchio v. Colvin,* No. 1:14-CV-116, 2015 WL 5023857, at *3-4 (W.D.N.C. Aug. 25, 2015); *Griffis v. Colvin,* No. 2:12-CV-29 RLV, 2015 WL 4478821, at *7 (W.D.N.C. July 22, 2015). As discussed in section 2 below, the ALJ properly analyzed Plaintiff's credibility.

## 2. The ALJ Properly Evaluated Plaintiff's Credibility

Plaintiff next argues that the ALJ erred in her assessment of Plaintiff's credibility. In determinations of a claimant's credibility, an ALJ is accorded deference. *See Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) ("Because he had the opportunity to observe the demeanor and to determine the credibility of the claimant, the ALJ's observations concerning these questions are to be given great weight."). As explained extensively in her decision, the ALJ found that Plaintiff did not receive the types of treatment one would expect for disabling limitations, specifically since Plaintiff had significant gaps in her treatment even though she had insurance and an income at the time to cover the costs of treatment. (Tr. 77-78). *See Mickles v. Shalala*, 29 F.3d 918, 930 (4th Cir. 1994) (Powell, J., concurring in part and concurring in the judgment) (stating that "an unexplained inconsistency between the claimant's characterization of the severity of her condition and the treatment she sought to alleviate that condition is highly probative of the claimant's credibility"). Here, Plaintiff first alleged that she became disabled on April 15, 2011 (Tr. 162), but Plaintiff did not visit a doctor until December of 2011 (Tr. 223). When Plaintiff did visit a doctor, the doctor only recommended conservative treatment options and Plaintiff still refused them. (Tr. 225). Further, although Plaintiff amended her alleged onset date to October of 2012, it was not until seven months after the amended onset date that Plaintiff was finally prescribed pain medication for mild to moderate pain. (Tr. 262). Plaintiff's sporadic doctor visits, refusal to obtain treatment, and extended period of time without pain medication provide evidence that Plaintiff's injuries were not as disabling as she claimed in her testimony.

Additionally, Plaintiff's work history provides further reasons to question her credibility. Plaintiff testified that she stopped working because of her inability to stand or work. (Tr. 78).

However, Plaintiff originally reported that she stopped working because the business that she worked for closed. (*Id*.) The ALJ noted that the latter explanation seemed more plausible and consistent with the evidence of record, because Plaintiff collected unemployment for a year after she stopped working. (*Id*.) The collection of unemployment benefits is generally predicated on the applicant's oath that she is ready, willing, and able to work, but cannot find a job. (Tr. 78, 170). Further, while Plaintiff claimed her back injuries and pain were the reason she stopped working, she did not receive any treatments for these injuries until almost eight months after she lost her job. (Tr. 78-79), which again suggests that Plaintiff's injuries were not as debilitating as her testimony suggested. Therefore, the court finds that there is substantial evidence to support the ALJ's determination that Plaintiff's testimony is not credible.

## V.     Conclusion

The undersigned has carefully reviewed the decision of the ALJ, the transcript of proceedings, Plaintiff's motion and brief, the Commissioner's responsive pleading, and Plaintiff's assignments of error. Review of the entire record reveals that the decision of the ALJ is supported by substantial evidence. *See Richardson v. Perales, supra; Hays v. Sullivan, supra*. Finding that there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales, supra*, Plaintiff's Motion for Summary Judgment will be denied, the Commissioner's Motion for Summary Judgment will be granted, and the decision of the Commissioner will be affirmed.

**ORDER**

**IT IS, THEREFORE, ORDERED** that

(1) the decision of the Commissioner, denying the relief sought by Plaintiff, is **AFFIRMED**;

(2) Plaintiff's Motion for Summary Judgment (Doc. No. 7) is **DENIED**;

(3) the Commissioner's Motion for Summary Judgment (Doc. No. 9) is **GRANTED**; and

(4) this action is **DISMISSED**.


Signed: June 27, 2016

Graham C. Mullen
United States District Judge